UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOBAL TECH LED, LLC, a
Florida limited liability
company,

        Plaintiff,

v.                    Case No: 2:15-cv-553-FtM-29CM

HILUMZ INTERNATIONAL CORP.,
a Georgia corporation,
HILUMZ, LLC, a Georgia
limited liability company,
and HILUMZ USA, LLC, a
Georgia limited liability
company,

        Defendants/Third
        Party Plaintiffs

JEFFREY J. NEWMAN, GARY K.
MART, GARY K. MART and
JEFFREY J. NEWMAN,

        Third Party Defendants.

## ORDER

This matter comes before the Court on the Motion to Dismiss Counterclaims and Third-Party Claims (Doc. #24) filed by Plaintiff and Third-Party Defendants on December 11, 2015. Defendants filed a Response in Opposition (Doc. #37) on January 8, 2016. For the reasons set forth below, the Motion to Dismiss is granted, and Defendants' Amended Counterclaims and Third-Party Claims (Doc. #8) is dismissed without prejudice to amend.

**I.**

This case involves a patent dispute between two business partners-turned-competitors in the LED lighting industry. On September 15, 2015, Plaintiff Global Tech LED, LLC (Global Tech) filed a one-count Complaint (Doc. #1) against Defendants HiLumz International Corp., HiLumz, LLC, and HiLumz USA, LLC (collectively, Defendants) seeking injunctive relief and money damages. The Complaint alleges that Defendants have manufactured, distributed, sold, used, and/or offered for sale LED products (the Accused Products) that infringe, literally and under the doctrine of equivalents, claims of United States Patent No. 9.091,424 (the '424 Patent), in which Global Tech has all ownership rights.

Defendants filed an Amended Answer, Affirmative Defenses, Counterclaims, and Third Party Claims (Doc. #8) on November 2, 2015 in which they deny the allegations of infringement, assert five affirmative defenses, and plead counterclaims and third-party claims for false advertising under Section 1125(a) of the Lanham Act, 15 U.S.C. §§ 1051 et seq., unfair competition under Florida common law, and deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq. The third-party claims are pled against Gary K. Mart (Mart) and Jeffrey J. Newman (Newman), who are managing members of Global Tech and the inventors of the LED lamp product for which the '424 Patent issued. In support of their

claims, Defendants point to numerous "false" statements allegedly made about Global Tech's patent rights and Defendants' business. Defendants request declaratory relief, preliminary and permanent injunctive relief, money damages, and attorneys' fees.

Global Tech, Mart, and Newman (Plaintiffs, for brevity) have moved to dismiss the counterclaims and third-party claims. Plaintiffs argue that Defendants have failed to state a claim under the Lanham Act because, *inter alia*, the alleged statements were not "false or misleading statements of fact"; were not "commercial in nature"; or could not have injured Defendants. Plaintiffs contend that the unfair competition common-law claim fails for the same reasons the Lanham Act claim fails. Regarding the FDUTPA claim, Plaintiffs assert that Defendants have not alleged that they are "consumers" or that the deceptive act or unfair practice has caused "actual damages."

Defendants oppose the Motion to Dismiss and argue that Plaintiffs are conflating Defendants' burden of adequately pleading their claims with the burden of proof that applies on summary judgment. Defendants contend they have pled the elements of their three claims with sufficient particularity and thus Plaintiffs' Motion to Dismiss should be denied.

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[1]  Fed. R. Civ. P. 8(a)(2).  In evaluating a Rule 12(b)(6) motion seeking to dismiss a complaint for failing to comply with Rule 8(a), the Court must accept as true all factual allegations in the complaint and "construe them in the light most favorable to the plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011).  However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

To avoid dismissal under Rule 12(b)(6), the complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550

---

[1] Some courts apply Rule 9(b)'s heightened pleading requirements to determine the sufficiency of a Lanham Act claim "grounded in fraud." E.g., EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010).  Neither the Eleventh Circuit nor any Judge in this District appears to have taken a stance on that issue.  In a related context, this Court has previously noted its disagreement with the conclusion of the majority of courts in this district that Rule 9(b)'s requirements apply to FDUTPA claims. Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d 1279, 1290 (M.D. Fla. 2009). However, as Plaintiffs have not argued that Rule 9(b)'s heightened pleading standard applies here, the Court applies Rule 8(a)'s "short and plain statement" requirement.

U.S. 544, 555 (2007).  To do so requires "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  This plausibility pleading obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)).  Instead, the complaint must contain enough factual allegations as to the material elements of each claim to permit the Court to determine – or at least infer – that those elements are satisfied, or, in layman's terms, that the plaintiff has suffered a redressable harm for which the defendant may be liable.  See Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).

## III.

The Court agrees that Defendants' counterclaims/third-party claims must be dismissed.  The glaring problem is not, however, Defendants' inability as a matter of law to state claims under the Lanham Act for false advertising, Florida common law, or FDUTPA. The Court need not address those arguments, since Defendants' failure to sufficiently allege injury is fatal to all three claims.

The Supreme Court recently articulated "the appropriate analytical framework for determining a party's standing to maintain an action for false advertising under the Lanham Act." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1387 (2014). In addition to establishing Article III standing,[2] a party asserting a claim under the Lanham Act must also show that it "has a cause of action under the statute," which is sometimes (inaccurately) referred to as having "statutory standing."[3] Id. at 1387. To do so requires the movant to show both that its interests fall within the "zone of interests" protected under Section 1125(a) – namely commercial and reputational interests - and that the injuries asserted were proximately caused by the Lanham Act violation. Id. at 1388-91.

In order to survive a motion to dismiss, a Lanham Act plaintiff must therefore "plead . . . an injury to a commercial interest in sales or business reputation proximately caused by the

---

[2] For purposes of this Opinion and Order only, the Court presumes without deciding that Defendants have Article III standing to assert their claims.

[3] The Lexmark Court observed that it has "on occasion referred to this inquiry as 'statutory standing' and treated it as effectively jurisdictional" but clarified that such label "is misleading." Lexmark, 134 S. Ct. at 1388 n.4 (internal citations omitted); see also City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1276 (11th Cir. 2015) ("[T]he Supreme Court's recent opinion in Lexmark (interpreting the Lanham Act) discarded the labels 'prudential standing' and 'statutory standing,' and clarified that the inquiry was really a question of statutory interpretation, and not standing at all.").

defendant's misrepresentations." Id. at 1390. Ultimately, the Lexmark Court concluded that the defendant had so pled, where the counterclaim alleged that the plaintiff's misrepresentations about its own products and the defendant's products "proximately caused and were likely to cause injury to [defendant] by diverting sales from [defendant] to [plaintiff], and had substantially injured [defendant's] business reputation by leading consumers and others in the trade to believe that [defendant] is engaged in illegal conduct." Id. at 1384.

In contrast, the counterclaims and third-party claims at issue here contain no such allegations of commercial or reputational injury, nor plead a causal link between the misrepresentations and that injury. In fact, nothing in Defendants' pleading indicates that Defendants have ever been injured. Rather, Defendants allege only that Global Tech's "patent infringement lawsuit is a sham, filed for the purpose of inciting anti-competitive rhetoric, scaring away HiLumz customers, and stealing the business for itself," (Doc. #8, ¶ 23), and that Plaintiffs' "false advertisements are actually deceiving, or have a tendency or capacity to deceive, a substantial portion of the intended audience." (Id. ¶ 42.) To conclude, based on these allegations, that Defendants have pled what Lexmark requires would require too generous an inferential leap. Neither an anticompetitive purpose nor consumer deception establishes injury.

Indeed, a party asserting a claim of false advertising under the Lanham Act must specifically allege and prove *both* that the false or misleading statement "actually deceives or is likely to deceive a substantial segment of the intended audience" *and* that "the statement results in actual or probable injury." Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1348 (Fed. Cir. 1999) (citation omitted).  The Court thus dismisses Defendants' Lanham Act counterclaim/third-party claim without prejudice to amend.

The Eleventh Circuit has held that "[t]he success of [a plaintiff's] state unfair competition and FDUTPA claims is tied to the federal Lanham Act claims for infringement and false advertising." Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of Saint John of Jerusalem, Knights of Malta, Ecumenical Order, 702 F.3d 1279, 1296 (11th Cir. 2012); see also Suntree Techs., Inc. v. Ecosense Int'l, Inc., 693 F.3d 1338, 1345 (11th Cir. 2012) (agreeing that "the legal analysis is the same for all three"); Spiral Direct, Inc. v. Basic Sports Apparel, Inc., --- F. Supp. 3d ---, No. 615CV641ORL28TBS, 2015 WL 9450575, at *5 (M.D. Fla. Nov. 24, 2015) (applying Lexmark analysis to Florida unfair competition and FDUPTA claims).  Accordingly, the Court will also dismiss Defendants' common-law unfair competition and FDUTPA claims without prejudice to amend.

Anticipating Defendants will amend their claims, the Court additionally observes that "a properly pled and proven consumer claim for damages under FDUTPA requires proof of . . . actual damages." Soper v. Tire Kingdom, Inc., 124 So. 3d 804, 806 (Fla. 2013) (citation and internal alteration omitted). "For the purpose of recovery under FDUTPA, 'actual damages' do not include consequential damages, precluding recovery of future lost profits." Siever v. BWGaskets, Inc., 669 F. Supp. 2d 1286, 1294 (M.D. Fla. 2009); see also Rodriguez v. Recovery Performance & Marine, LLC, 38 So. 3d 178, 180 (Fla. 3d DCA 2010) ("[U]nder FDUTPA, the term 'actual damages' does not include special or consequential damages."). Thus, allegations of harm that give rise to damages under the Lanham Act or Florida common law may not support damages under FDUPTA.[4]

Because the Court is dismissing Defendants' counterclaims and third-party claims, it will also deny without prejudice as moot Defendants' Motion for Preliminary Injunction (Doc. #6) and Motion

---

[4] It appears to be an open question under Florida law whether the 2001 version of FDUTPA permits a claim for damages to be asserted against a competitor. The Eleventh Circuit interpreted a previous version of FDUTPA as "not apply[ing] to suits between competitors." M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1494 (11th Cir. 1990). However, at least two Florida District Courts of Appeals have recently concluded that FDUTPA actions for damages are not limited to non-competitor "consumers." Bailey v. St. Louis, --- So. 3d. --- No. 2D13-612, 2016 WL 403168, at *7 (Fla. 2d DCA Feb. 3, 2016); Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc., 169 So. 3d 164, 169 (Fla. 4th DCA 2015).

for Expedited Hearing on Motion for Preliminary Injunction (Doc. #51).   In the interests of expedition, the Court will grant Defendants' May 10, 2016 Renewed Motion for Leave to File Amended Answer and Counterclaims (Doc. #60), which "seeks leave of court to amend [the] counterclaims for the purpose of expanding [the] unenforceability defense to include a claim based on inequitable conduct."   The Court has not determined whether that claim, as proposed (Doc. #60-1), is adequately pled.   Should Defendants wish to pursue it, the Court recommends they review the Federal Circuit's discussion on the pleading standard for a claim of "inequitable conduct" found in Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312 (Fed. Cir. 2009).

    **ORDERED:**

    1.   Plaintiffs' Motion to Dismiss Defendants' Counterclaims and Third-Party Claims (Doc. #24) is **GRANTED**, and Defendants' Counterclaims and Third-Party Claims (Doc. #8) is **dismissed without prejudice to amend**.

    2.   Defendants' Renewed Motion for Leave to File Amended Answer and Counterclaims (Doc. #60) is **GRANTED**.

    3.   Defendants' Motion for Preliminary Injunction (Doc. #6) is **denied without prejudice as moot**.

4.    Defendants' Motion for Expedited Hearing on Motion for Preliminary Injunction (Doc. #51) is **denied without prejudice as moot**.

**DONE and ORDERED** at Fort Myers, Florida, this 31st day of May, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 11 -