UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOBAL TECH LED, LLC, a Florida
limited liability company

      Plaintiff,

v.                                                        Case No:   2:15-cv-553-FtM-29CM

HILUMZ INTERNATIONAL
CORP., HILUMZ, LLC and
HILUMZ USA, LLC,

      Defendants/Third
      Party Plaintiffs

JEFFREY J. NEWMAN, GARY
K. MART, GARY K. MART,
JEFFREY J. NEWMAN, GARY
K. MART and JEFFREY J.
NEWMAN,

      Third Party Defendants.

_____/

## ORDER

    This matter comes before the Court upon review of Plaintiff's Motion to Extend the Mediation Deadline (Doc. 86) filed on October 3, 2016.   Defendants HiLumz International Corp., HiLumz LLC, and HiLumz USA, LLC oppose the requested relief.   Doc. 87.

    On April 14, 2016, the Court entered a Case Management and Scheduling Order setting the Claim Construction Discovery deadline to August 1, 2016, the mediation deadline to October 21, 2016, a Claim Construction Hearing before the Honorable John E. Steele (the "Hearing") on December 2, 2016, and the fact discovery

deadline to May 10, 2017.   Doc. 56 at 6, 8.   On September 9, 2016, Plaintiff filed a Notice of Selection of a Specific Mediation Time and Date, notifying the Court that the parties had conferred and agreed to have a mediation on October 11, 2016 at 9:30 a.m.   Doc. 81 at 1.

On October 3, 3016, Plaintiff filed this motion to extend the mediation deadline because it believes the mediation would not be fruitful at this time for two reasons: (1) Plaintiff has not received necessary documents from Defendants to calculate its damages, and (2) the parties substantially disagree on the interpretation of certain claims of the patents at issue.   Doc. 86 at 2.   To have a meaningful mediation, Plaintiff argues that the mediation should take place after the Court issues a Claim Construction Order.   *Id.* at 3.   Plaintiff recommends that the Court reschedule the mediation deadline to forty-five (45) days after the Court's issuance of a Claim Construction Order.   *Id.*

Defendants oppose this motion because they believe there is no good cause to extend the mediation deadline.   Doc. 87 at 1.   First, Defendants argue that Plaintiff agreed to mediate on October 11, 2016 and filed a Notice (Doc. 81) with the Court on September 9, 2016.   *Id.* at 2.   Defendants state that nothing has changed since filing of the Notice to justify Plaintiff's present motion except that some time has passed. *Id.*   Second, Defendants assert that by the Court entering the CMSO (Doc. 56) on April 14, 2016, not only did the Court decide that having a mediation prior to the Hearing is necessary but also Plaintiff has been aware of the mediation taking place before the Hearing since April 14, 2016.   *Id.*   Defendants point out that Plaintiff has

not filed any objection to the CMSO setting the mediation deadline prior to the Hearing. *Id.* n.1. Third, Defendants argue that the parties need not complete discovery to meaningfully mediate. *Id.* at 3. Lastly, Defendants argue that Defendants already have made travel arrangements and paid a deposit of $4,500 to the mediator. *Id.*

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

Here, Plaintiff has not demonstrated good cause to extend the mediation deadline. *See id.*; Fed. R. Civ. P. 16(b)(4). Defendants are correct that Plaintiff has been aware of the mediation occurring before the Hearing since April 14, 2016 and voluntarily agreed to mediate on October 11, 2016. Docs. 56, 81, 87 at 2. A month after filing of the Notice to voluntarily mediate on October 11, 2016, Plaintiff now moves to extend the mediation deadline one week before the scheduled mediation and after Defendants have paid their deposit to the mediator and made travel arrangements to attend the mediation. Doc. 87 at 3. Furthermore, as Defendants state, the parties need not complete discovery to have a meaningful mediation. *Id.* at 2.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Motion to Extend the Mediation Deadline (Doc. 86) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of October, 2016.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record