UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOBAL TECH LED, LLC, a
Florida limited liability
company,

    Plaintiff,

v.                                               Case No: 2:15-cv-553-FtM-29CM

HILUMZ INTERNATIONAL CORP.,
a Georgia corporation,
HILUMZ, LLC, a Georgia
limited liability company,
and HILUMZ USA, LLC, a
Georgia limited liability
company,

    Defendants/Third
    Party Plaintiffs,

JEFFREY J. NEWMAN, GARY K.
MART, GARY K. MART, JEFFREY
J. NEWMAN, GARY K. MART and
JEFFREY J. NEWMAN,

    Third Party Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Rule 11 Sanctions (Doc. #64) filed on June 22, 2016. Plaintiff filed a Response in Opposition (Doc. #70) on July 11, 2016 and Defendants filed a Reply (Doc. #79) on August 17, 2016. For the reasons set forth below, Defendants' Motion is denied.

**I.**

This case involves a patent dispute between two business partners-turned-competitors in the LED lighting industry. On September 15, 2015, Plaintiff Global Tech LED, LLC (Global Tech) filed a one-count Complaint (Doc. #1) against Defendants HiLumz

International Corp., HiLumz, LLC, and HiLumz USA, LLC (collectively, Defendants) alleging direct and indirect patent infringement under 35 U.S.C. § 271 and seeking injunctive relief and money damages. Specifically, Defendants are accused of "making, using selling, or offering for sale" one or more lighting products that infringe United States Patent No. 9.091,424 (the '424 Patent), either literally or under the doctrine of equivalents.[1] (Doc. #1, ¶ 36.) Defendants are also alleged to have "induced infringement of claims of at least the '424 Patent by having one or more of its [sic] distributors and other entities use, sell or offer for sale the Accused Products and others substantially identical to the Accused Products with knowledge of the '424 Patent." (Id. ¶ 37.)

On June 22, 2016, Defendants filed a Second Amended Counterclaim and Third Party Complaint (the Second Amended Counterclaim Complaint) (Doc. #63), which alleges claims of false advertising under Section 1125(a) of the Lanham Act, 15 U.S.C. § 1051 et seq., unfair competition, deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., and trade libel, and which also seeks a declaration that the '424 Patent is

---

[1] "The theory on which the doctrine of equivalents is founded is that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form or shape." MDS (Can.) Inc. v. Rad Source Techs., Inc., 720 F.3d 833, 846 (11th Cir. 2013) (internal alteration omitted) (quoting Graver Tank & Mfg. Co. v. Linde Air Prod. Co., 339 U.S. 605, 608 (1950)).

unenforceable.[2]  The third-party claims are pled against Gary K. Mart (Mart) and Jeffrey J. Newman (Newman), who are managing members of Global Tech and the inventors of the "screw base" LED lighting product for which Global Tech obtained the '424 Patent.[3]

That same day, Defendants also filed the instant Motion, which contends that Global Tech's infringement cause of action is frivolous and asks the Court to impose sanctions against Global Tech and The Concept Law Group, P.A. (collectively referred to as Plaintiffs, for purposes of this Motion), pursuant to Federal Rule of Civil Procedure 11.  Plaintiffs oppose the Motion substantively and argue that Defendants are using Rule 11 to try to accelerate the claim construction process.  Plaintiffs also request an award of the costs and fees they accrued in defending against the Motion.

**II.**

**A.  Federal Rule of Civil Procedure 11**

Where an attorney or unrepresented party presents the Court with a signed pleading, written motion, or other paper, the individual "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": i) the document "is not being presented for any improper purpose," ii) "the claims, defenses, and other legal

---

[2] The Court dismissed (Doc. #62) Defendants' Amended Counterclaims and Third-Party Claims (Doc. #8) for failure to sufficiently allege commercial or reputational injury, as required to state a claim under the Lanham Act.

[3] The Second Amended Counterclaim Complaint is the subject of a pending Motion to Dismiss (Doc. #71), collectively filed by Global Tech, Mart, and Newman.

contentions are warranted" under the law, and iii) the factual assertions therein have, or are likely to have, "evidentiary support." Fed. R. Civ. P. 11(b). In other words, the party or attorney must do his homework before presenting a document to the court. Where another party believes Rule 11 has been violated, it must afford the offending party 21 days in which to correct the problem, after which time it may move the court to impose sanctions. Fed. R. Civ. P. 11(c)(1).

In assessing whether Rule 11 has been violated, a court must initially "determine[] whether the party's claims are objectively frivolous — in view of the facts or law." Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995) (citation omitted). In so doing, "the court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney *at the time of filing*." Id. "In deciding whether the claims of a represented party are objectively frivolous, the court must 'determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified.'" Adams v. Austal, U.S.A., L.L.C., 503 F. App'x 699, 703 (11th Cir. 2013) (quoting Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003)).

Only if the court determines that the claims are objectively frivolous does it next evaluate "whether the individual who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." Jones, 49 F.3d at 695. "The reasonableness of the

prefiling inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law." Id. (citation omitted). In a patent infringement case, Rule 11 "require[s], at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."[4] Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300-01 (Fed. Cir. 2004) (citations omitted). Notwithstanding a finding that Rule 11 has been violated, whether to impose sanctions, and the nature of those sanctions, ultimately rests in the Court's discretion. Fed. R. Civ. P. 11(c)(1), (4).

**B. Literal Infringement**

The Complaint alleges generally that the "Accused Products" infringe the '424 Patent literally and under the doctrine of equivalents; however, Plaintiffs' subsequent filings clarify that the literal patent infringement claim is limited to a prior version of Defendants' retrofit LED product, which Defendants refer to as the "First Generation Retrofit Kit." According to Defendants, this claim is frivolous because the First Generation Retrofit Kit "has not been manufactured, sold or offered for sale since June

---

[4] Counsel for Global Tech avers that they "*did* conduct a pre-suit investigation that included a comparison between Defendants' and their representatives' advertised and/or marketed retrofit products and the claims of the '424 Patent and determined that a majority of the claims . . . infringed literally or under the [doctrine of equivalents]," (Doc. #70, p. 11), in addition to "thoroughly review[ing] the prosecution history of the '424 Patent before . . . filing the Complaint." (Id. p. 21.)

28, 2014, over a year before the ['424] patent issued."[5] (Id. at 6; see also Doc. #83, p. 3.) In other words, while Defendants seemingly do not dispute the legal basis for Plaintiffs' literal infringement claim, they believe the claim lacks an adequate factual basis.

The Court cannot agree. Even assuming the veracity of Defendants' contention that the First Generation Retrofit Kit was last *sold* in June 2014, Plaintiffs have presented evidence, in the form of a website screenshot (Doc. #70-4), that at least one of Defendants' product resellers, Shine Retrofits, was *offering to sell* the infringing First Generation Retrofit Kit at least as late as September 25, 2015[6] – more than two months after the '424 Patent

---

[5] To support this assertion, Defendants attach an invoice from June 28, 2014 (Doc. #64-2, p. 34). However, the invoice itself bears no indicia of being the final sale of the First Generation Kit.

[6] Defendants argue that the website printout depicts an advertisement, not an "offer to sell." But the printout does not merely advertise Defendants' product; it contains a description of the HiLumz DZ130 First Generation Retrofit Kit detailing the product's inputs, specifications, and features, it lists a price, and it even has an "add to cart" button. It is, therefore, an offer to sell that Kit. E.g., 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1379 (Fed. Cir. 1998). Defendants' contention that "there must be an actual sale of an infringing product during the enforceable term of the patent in order to establish 'offer for sale' liability" is similarly unsupported. (Doc. #79, p. 6.) The case Defendants cite, Fieldturf International, Inc. v. Sprinturf, Inc., held that there was no **infringing** offer to sell, since the offer at issue (a sports field project bid) involved a turf product that was found not to infringe the claims of the plaintiffs' own patented turf product. 433 F.3d 1366, 1370 (Fed. Cir. 2006). In affirming that holding, the Federal Circuit specifically noted that "[a] bid to supply a product specified in a RFP is a traditional offer to sell," as that term is used in 35 U.S.C. § 271(a), without any reference to or consideration of a separate sale requirement. Id. at 1369-70.

- 6 -

issued and ten days after the Complaint was filed. Because an "offer to sell" an infringing product constitutes "infringement" under the patent laws, 35 U.S.C. § 271(a), and because one who actively induces another to make an offer of sale (as Defendants are alleged to have done) "shall be liable as an infringer," id. § 271(b), Plaintiffs' literal infringement claim is not objectively baseless - that is, the Court cannot find, based on this evidence, that "a reasonable attorney" would have concluded differently. Adams, 503 F. App'x at 703. As such, the Court need not address whether Plaintiffs' pre-filing inquiry was "adequate." See Meininger v. Target Nat'l Bank, No. 8:12-CV-871-T-17EAJ, 2013 WL 5278496, at *2 (M.D. Fla. Sept. 18, 2013). Defendants' request for sanctions on this claim is denied.

**C.  Doctrine of Equivalents Infringement**

Defendants assert that Plaintiffs' claim that the Accused Products violate the '424 Patent under the doctrine of equivalents is similarly baseless, since Defendants' Second Generation Retrofit Kit uses a "Flex-Mount" hose-clamp base, which has no screw threads, and which does not draw electrical power from the receiving socket. Defendants also contend that Global Tech's patent prosecution history – specifically, the "narrowing" of the '424 Patent's claims – bars Plaintiffs from invoking the doctrine of equivalents. Plaintiffs, in response, claim that Defendants are "attempt[ing] to improperly use Rule 11 to effectively force a ruling on the construction of the term 'screw connector' and use

that ruling to test the sufficiency of its [sic] non-infringement defense."[7]  (Doc. #70, p. 12.)

Motives aside, the Court finds the request for sanctions premature.  "[F]ee litigation is not the time to address the substantive merits in the first instance, especially when the question of infringement appears to turn on the construction of [disputed] claim term[s] . . . ."  Am. Tech. Inc. v. Am. Future Tech. Corp., No. 6:11-CV-113-ORL-22, 2012 WL 859345, at *4 (M.D. Fla. Mar. 14, 2012).  The Court has not yet construed the claims of the '424 Patent to determine whether they are limited to LED products with a "threaded" screw base that conveys power to the connecting bulb, nor has the Court otherwise had the opportunity to assess the merits of Plaintiffs' case.  Consequently, the Court will not evaluate the legal and factual adequacy of Plaintiffs' doctrine of equivalents infringement theory at this time.  See id. (denying post-dismissal motion for attorney's fees and litigation expenses, despite the defendant's "compelling argument for noninfringement," since the Court had not issued a claim construction order prior to the case's dismissal); see also Eon-Net LP v. Flagstar Bancorp, 249 Fed. App'x 189, 196 (Fed. Cir. 2007) (vacating the district court's award of Rule 11 sanctions as "clearly erroneous" since, "without a full claim construction analysis[,] it [was] impossible to assess whether [the

---

[7] Plaintiffs' Response reiterates their continued belief that the "Flex-Mount System" is the functional equivalent of the screw connector and thus does infringe the claims of the '424 Patent.

plaintiff's] claim construction was unrealistic"); cf. <u>Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH</u>, 524 F.3d 1254, 1262 (Fed. Cir. 2008) (underscoring the plaintiff's failure to "identif[y] a single case in which, when a party had not lost the underlying litigation, a court awarded Rule 11 sanctions against that party for failing to conduct a sufficient infringement analysis prior to filing suit").

The parties' upcoming "<u>Markman</u> hearing" is set for January 19, 2017, at which time the Court will consider each side's position as to the proper construction of the claims of the '424 Patent. Thereafter, if supported by the claim construction order, Defendants may renew their request for sanctions under Rule 11.[8]

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion for Rule 11 Sanctions (Doc. #64) is **DENIED**.

2. Plaintiffs' request for an award of costs is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this 21st day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[8] Because the Court is not denying the Rule 11 Motion entirely on the merits, the Court does not believe an award of Plaintiffs' fees and costs associated with defending against the Motion is "warranted." <u>See</u> Fed. R. Civ. P. 11(c)(2).