UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOBAL TECH LED, LLC, a Florida
limited liability company

       Plaintiff,

v.                                        Case No:   2:15-cv-553-FtM-29CM

HILUMZ INTERNATIONAL
CORP., HILUMZ, LLC and
HILUMZ USA, LLC,

       Defendants/Third
       Party Plaintiffs

JEFFREY J. NEWMAN, GARY
K. MART, GARY K. MART,
JEFFREY J. NEWMAN, GARY
K. MART and JEFFREY J.
NEWMAN,

       Third Party Defendants.
_____/

## ORDER

This matter comes before the Court upon review of the Joint Motion for Extension of Court Deadlines (Doc. 115) filed on April 5, 2017.  The parties seek to extend the Court-ordered deadlines because they are waiting for a Claim Construction Order that has the potential to limit or redefine the issues to be litigated here.  Doc. 115 at 2.  The parties argue that by extending the deadlines, the parties seek to reduce unnecessary litigation expenses.  *Id.*

On February 10, 2017, the Court entered an Amended Case Management and Scheduling Order in Patent Case, setting the deadline to disclose expert reports to

May 10, 2017, the deadline to disclose rebuttal expert reports to June 12, 2017, the fact discovery deadline to July 10, 2017, the expert discovery deadline to August 10, 2017, the deadline for dispositive motions to September 8, 2017, and a trial term of January 8, 2018.  Doc. 108.  The parties propose to extend various deadlines, including the deadline to disclose expert reports to sixty (60) days after the Court's Claim Construction Order and the deadline to disclose rebuttal expert reports to thirty (30) days after the new deadline to disclose expert reports.  Doc. 115 at 2.  The parties do not seek to extend the trial term.  *Id.*

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.  *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).  Rule 16 requires a showing of good cause for modification of a court's scheduling order.  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).  Here, based on the parties' representations, the Court finds good cause to grant the motion.  To allow sufficient time for judicial resolution of the parties' disputed claim terms, however, the Court will extend the Court-ordered deadlines including the trial term by ninety (90) days.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Joint Motion for Extension of Court Deadlines (Doc. 115) is **GRANTED in part**.

2. A second amended case management and scheduling order in patent case will be issued under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record