UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOBAL TECH LED, LLC, a Florida
limited liability company

       Plaintiff,

v.                                 Case No: 2:15-cv-553-FtM-29CM

HILUMZ INTERNATIONAL
CORP., HILUMZ, LLC and
HILUMZ USA, LLC,

       Defendants/Third
       Party Plaintiffs

JEFFREY J. NEWMAN, GARY
K. MART, GARY K. MART,
JEFFREY J. NEWMAN, GARY
K. MART and JEFFREY J.
NEWMAN,

       Third Party Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. On June 30, 2017, previous counsel for Hilumz International Corp., Hilumz LLC, and Hilumz USA LLC (collectively, "the Hilumz Entities") filed a motion to withdraw as counsel of record, which the Court granted. Docs. 121, 122. The undersigned directed the Hilumz Entities to retain counsel and have counsel file a Notice of Appearance on or before

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

July 31, 2017 because artificial entities can only act through agents. Doc. 122 at 2-3. The Court noted that their failure to comply with the Order may result in recommending defaults be entered against the Hilumz Entities. *Id.* at 3. The Hilumz Entities did not comply within the time permitted. On August 2, 2017, the Court provided one final opportunity to the Hilumz Entities to comply with the Order and retain counsel on or before August 11, 2017. Doc. 123. The Court again indicated that their failure to comply with the Order would result in the Court recommending defaults be entered against the Hilumz Entities and dismissing their counterclaims and third-party claims. *Id.* at 2. As of this date, the Hilumz Entities have not responded to the Court's Orders (Docs. 122, 123).

Local Rule 2.03(e) permits corporations to appear and be heard only through counsel admitted to practice in this Court. M.D. Fla. R. 2.03(e). The Orders further noted that artificial entities can only act through agents. Docs. 122 at 2, 123 at 3. Despite the Court's directives to obtain counsel, the Hilumz Entities have not responded to the Court's Orders. Thus, the undersigned recommends entry of Clerk's defaults against the Hilumz Entities and dismissing their counterclaims and party-party claims for their failure to comply with the Orders (Docs. 122, 123) and Local Rule 2.03(e). *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996) (upholding the district judge's denial of the motion to set aside entry of default because the corporate defendant failed to obtain counsel due to its alleged financial difficulty).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Clerk's defaults be entered against Hilumz International Corp., Hilumz LLC and Hilumz USA LLC; and

2. Defendants' Second Amended Counterclaims and Third Party Claims Seeking Injunctive Relief and Demand for Jury Trial (Doc. 63) be **DISMISSED without prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties