UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOBAL TECH LED, LLC, a
Florida limited liability
company,

    Plaintiff,

v.                                          Case No: 2:15-cv-553-FtM-29CM

HILUMZ INTERNATIONAL CORP.,
a Georgia corporation,
HILUMZ, LLC, and HILUMZ USA,
LLC, a Georgia limited
liability company,

    Defendants/Third
    Party Plaintiffs

JEFFREY J. NEWMAN, GARY K.
MART,

    Third Party Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. #133) filed on January 8, 2018. No response has been filed, and the time to do so has passed. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

### I. Procedural History

The procedural history of this lawsuit is relevant to the Court's resolution of Plaintiff's Motion for Default Judgment and thus is recounted in some detail:

This case involves a patent infringement dispute between two business partners-turned-competitors in the retrofit light emitting diode (LED) lighting industry. In recent years, LED bulbs have become popular because they have a much longer lifespan than traditional incandescent bulbs, and the light they emit produces significantly less heat. The circuits that provide electrical current to LED bulbs do, however, produce a considerable amount of heat. This has motivated companies that manufacture LED bulbs to create – and seek patent protection for – apparatuses that both house the bulb and allow the heat generated by the circuitry to be dispersed efficiently.

Plaintiff Global Tech LED, LLC (Global Tech) is one such company. Global Tech is the assignee of the ownership rights to United States Patent No. 9,091,424 (the '424 Patent), entitled "LED Light Bulb,"[1] which comprises a retrofit LED apparatus[2] made up of: a screw connector, which is configured to be screwed into a receiving socket of an electric light fixture; a bracket, which is physically attached to the screw connector; and a housing, which is rotatably coupled to the bracket, and which includes one or

---

[1] Global Tech was assigned all rights to the '424 Patent by Gary K. Mart (Mart) and Jeffrey J. Newman (Newman), who are managing members of Global Tech and the inventors of the apparatus encompassed by the '424 Patent.

[2] The apparatus is "retrofit" because it is designed to replace conventional bulbs within lighting assemblies with horizontally-oriented receptacles, like certain streetlights.

more LED units for generating light and one or more electrically powered cooling devices to remove heat from the vicinity of the LED units. (Doc. #1-1, p. 2.) This design allows the face of the housing – along with the back-attached fan (or "heat sink") – to be rotated "orthogonally" (ninety degrees) from the receptacle's connector base. This, in turn, enables the heat generated by the circuitry to be dispelled advantageously away from the LED units, thereby preserving the life of those units.

Plaintiffs contend that this rotatable feature constitutes the "true innovation" of the '424 Patent and is being infringed by a retrofit LED apparatus (the Retrofit Kit) invented by Defendants HiLumz International Corp., HiLumz, LLC, and HiLumz USA, LLC (collectively, Defendants). On September 15, 2015, Global Tech filed a Complaint (Doc. #1) accusing Defendants of "making, using selling, or offering for sale" one or more lighting products that infringe the claims the '424 Patent, either literally or under the doctrine of equivalents. (Id. ¶ 36.) Defendants are also alleged to have "induced infringement of claims of at least the '424 Patent by having one or more of [their] distributors and other entities use, sell or offer for sale the Accused Products and others substantially identical to the Accused Products with knowledge of the '424 Patent." (Doc. #1, ¶ 37.) The Complaint seeks injunctive relief and money damages for Defendants' willful direct and indirect patent infringement, in violation of 35 U.S.C. § 271.

Defendants defended this case for almost two years, consistently denying the allegations of infringement. Specifically, they argued that (1) any product "substantially identical" to the Accused Products was sold prior to the issuance of the '424 Patent, and that (2) any Retrofit Kit sold after the issuance of the '424 Patent did not infringe that patent, despite the orthogonal rotation, because those Kits contained no "screw connector" component – that is, no connector piece that could be screwed into an electrical socket and through which electricity traveled to power the LED units – only a hose clamp that attached to the *outside* of the electrical socket through which no power was conveyed to the units. Defendants also asserted a number of affirmative defenses and counterclaims against Global Tech and filed a third party complaint against Mart and Newman (Doc. #63).[3]

Additionally, Defendants moved for a preliminary injunction against Plaintiffs (Doc. #6), as well as sanctions pursuant to Rule 11 (Doc. # 64) - both of which Plaintiffs opposed (Docs. ## 22, 70), and both of which the Court denied (Docs. ## 62, 94). The Court also, upon Global Tech's Motion (Doc. #71), dismissed (i) Defendants' counterclaim seeking a declaratory judgment of inequitable conduct and patent unenforceability and (ii) three of

---

[3] Although Mart and Newman are third-party defendants in this case, for purposes of this Order, the Court collectively refers to Global Tech, Mart, and Newman as "Plaintiffs."

the seven factual bases for Defendants' Lanham Act counterclaim. The Court denied dismissal of the remaining bases for the Lanham Act claim and the other three counterclaims (unfair competition, Florida Deceptive and Unfair Trade Practices Act, and trade libel).

On January 19, 2017, the Court conducted a "Markman" hearing[4] for the purpose of construing the term "screw connector," as used in independent claims 1, 14, and 18 of the '424 Patent. Specifically, the construction question before the Court was whether, to be a "screw connector," the connector piece had to draw power from the electrical socket, which is what Defendants argued,[5] or merely had to serve as a support structure, as Plaintiffs argued. On May 23, 2017, the Court issued an order (Doc. #120) accepting in part Plaintiffs' proposed construction and rejecting Defendants' proposed construction.

On June 30, 2017, counsel for Defendants filed a motion to withdraw on the ground that Defendants were "no longer able and willing to pay for the attorney's fees and costs necessary to pursue their claims and defenses in this civil action." (Doc. #121, p. 2.) The Magistrate Judge granted that motion (Doc. #122)

---

[4] Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

[5] Originally, Defendants also argued that a "screw connector" had to have "external screw threads" and that the receiving socket to have "internal screw threads," (Doc. #68, p. 4), but this proposed construction was withdrawn in advance of the hearing (Doc. #83, p. 7 n.3).

and directed Defendants to retain counsel on or before August 11, 2017, as is required for corporations under Middle District of Florida Local Rule 2.03(e). (Doc. #123.) Defendants failed to do so.

On August 28, 2017, the Magistrate Judge issued a Report and Recommendation (Doc. #124) recommending that a Clerk's default be entered against Defendants, and that Defendants' pending counterclaims and third-party complaint be dismissed without prejudice. No objections were filed. On September 22, 2017, the undersigned issued an Opinion and Order (Doc. #125) adopting the Report and Recommendations and ordering the Clerk to enter a default against Defendants and a judgment dismissing the third-party claims. A clerk's entry of default (Doc. #126) and a judgment dismissing the third-party claims (Doc. #127) were entered on September 25, 2017.

On January 8, 2018, Global Tech filed the instant Motion for Default Judgment seeking the following relief: (1) entry of a final judgment on Global Tech's claims of willful patent infringement; (2) an award of damages, consisting of lost profits or, in the alternative, an award of a reasonable royalty, or a combination of both; (3) enhanced damages; (4) costs and attorneys' fees; (5) an Order requiring Defendants to produce sales and cost-of-goods-sold records for the Accused Products; and (6) entry of an Order

permanently enjoining Defendants from making, selling, or offering to sell the Accused Products.

## II. Default Principles

### A. Clerk's Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The phrase "otherwise defend" has been interpreted broadly to encompass parties that have "vigorously defended themselves" in litigation by, for example, answering the complaint, asserting affirmative defenses, moving to dismiss, and participating in discovery, but who subsequently cease that defense. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011). In such a case, the court may either strike the answer or simply treat it as stricken. See United States v. $23,000 in U.S. Currency, 356 F.3d 157, 168 (1st Cir. 2004).

Once a clerk's default has been entered, the defaulting party is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact" in the complaint. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). "[A] defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu Const. Co. v. Houston

Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[6] Rather, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

**B. Default Judgment**

Part of the court's task upon an application for a default judgment is to ensure the sufficiency of the complaint – that is, to ensure that the plaintiff has adequately stated a claim. "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015). If the complaint contains well-pleaded allegations of fact as to each element of the claims on which the plaintiff seeks a judgment, then the court may, in its discretion, enter judgment on those claims. Id.

As for money damages, the Eleventh Circuit has recently summarized the applicable principles:

> Damages in cases of default are governed by Rule 55. Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "Rule 55(b)(2), which covers 'all other cases,' requires the district court to hold an evidentiary hearing 'to determine the amount' of losses involved." S.E.C. v. Smyth, 420 F.3d

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit court adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

> 1225, 1231–32 (11th Cir. 2005); see United
> Artists Corp. v. Freeman, 605 F.2d 854, 857
> (5th Cir. 1979) ("The case law is clear that
> a judgment by default may not be entered
> without a hearing unless the amount claimed is
> a liquidated sum or one capable of
> mathematical calculation."). Although an
> evidentiary hearing is not a "*per se*
> requirement," given the permissive language in
> Rule 55(b)(2) ("The court may conduct
> hearings...."), we have stated that
> evidentiary hearings "are required in all but
> limited circumstances," such as when hearing
> "any additional evidence would be truly
> unnecessary to a fully informed determination
> of damages." Smyth, 420 F.3d at 1232 n.13.

Safari Programs, Inc. v. CollectA Int'l Ltd., 686 F. App'x 737, 746 (11th Cir. 2017). See also Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015)(no hearing needed where complaint alleged a specific amount of damages).

### III. Default and Default Judgment In This Case

**A. Clerk's Default**

It is clear that a clerk's default was properly entered against Defendants pursuant to Rule 55(a). "[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). By not

obtaining new counsel after their attorneys withdrew, Defendants failed to "otherwise defend" against Plaintiff's lawsuit. See United States v. Hagerman, 549 F.3d 536, 538 (7th Cir. 2008) ("The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one, and, if it fails, either to dismiss the case, or enter a default judgment." (citations omitted)). See also Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 950 (11th Cir. 1996) (affirming district court's default order against corporate defendants who did not timely retain new counsel).

**B. Default Judgment**

**(1) Infringement**

Global Tech asserts claims for direct infringement under 35 U.S.C. § 271(a) and indirect patent infringement under 35 U.S.C. § 271(b).[7] (Doc. #1, ¶ 36.) According to the Complaint,

> Defendants . . . have infringed, literally and under the doctrine of equivalents, claims of the '424 Patent by using, making, selling, and offering to sell LED lamps, including one or more of the Accused Products, . . .

---

[7] Global Tech's Motion asserts that Global Tech is also entitled to a finding that Defendants have violated Section 271(c), which concerns the making, use, or sale of the components of a patented invention. (Doc. #133, p. 9.) This theory of recovery was not asserted in the Complaint, and thus Global Tech is not entitled to default judgment on this theory. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

(Doc. #1, ¶ 36.) The Complaint defines "Accused Products" as "LED lamp products, including those offered under the commercial designations of 'retrofit Kits,' 'DZ75 Retrofit Kit,' 'DZ130 Retrofit Kit,' 'DZ260 Retrofit Kit,' 'DZ185 Retrofit Kit,' and 'DZ390 Retrofit Kit.'" (Id. ¶ 5).

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor infringes the patent." 35 U.S.C. § 271(a). Such "direct infringement," as it is commonly called, "require[s] no more than the unauthorized use of a patented invention. Thus, a direct infringer's knowledge or intent is irrelevant." Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 764 (2011) (citations omitted). Plaintiff alleges that Defendants have engaged in an unauthorized use of Global Tech's patented invention. (Doc. #1, ¶¶ 5, 20, 22.) Global Tech has sufficiently pled a claim for direct infringement of the '424 Patent.

Indirect infringement, in contrast, consists of "inducing another to infringe a patented invention," 35 U.S.C. § 271(b), and does require the inducer's knowledge that "the induced acts constitute patent infringement." Global-Tech Appliances, 563 U.S. at 764. The Complaint alleges that "Defendants have induced infringement of the claims of at least the '424 Patent by having

one or more of its distributors and other entities, use, sell or offer for sale the Accused Products[8] and others substantially identical to the Accused Products with knowledge of the '424 Patent." (Id. ¶ 37). More specifically, Global Tech alleges that two authorized distributors/resellers – K&R Weight Systems and Shine Retrofits – have "sold the Accused Products to Florida consumers." (Id. ¶¶ 6, 7, 8.) Global Tech alleges further that, "[u]pon information and belief, Defendants were, and are currently aware of the fact that the Accused Products infringe upon the' 424 Patent." (Id. ¶ 23.)

Although mental conditions may be averred generally, Fed. R. Civ. P. 9(b), where a cause of action has a scienter requirement, a "bare assertion" that a defendant has done something "knowingly" or "willfully" amounts to a "legal conclusion," not a "well-pleaded allegation" of fact, and will generally not suffice to support a default judgment. Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1107 (11th Cir. 2015) (reversing a default judgment on a claim requiring a "knowing" violation of a statute where the complaint contained only a boilerplate recitation of "knowledge"). The Court is not convinced that the factual allegations in the Complaint are sufficient to support a default judgment.

---

[8] "Accused Products" is defined in the Complaint as "LED lamp products" in whose manufacture, distribution, sale, use, and/or offering for sale Defendants are involved. (Id. ¶ 5).

**(2) Damages and Other Relief**

The Court concludes that under the standards articulated above it may not grant a default judgment as to damages or the other relief requested by plaintiff without an evidentiary hearing. The Court declines to enter the order compelling defendants to produce certain documents, but will re-open discovery so that plaintiff may seek such information.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Judgment (Doc. #133) is **GRANTED in part and DENIED in part** as set forth above. The motion is otherwise taken under advisement.

2. The evidentiary hearing on the remaining portions of the motion will be held on **October 2, 2018 at 9:30 a.m.** before the undersigned in Fort Myers, Florida.

3. Discovery will be re-opened for sixty (60) days so that plaintiff may pursue information related to the upcoming evidentiary hearing.

4. Plaintiff shall serve a copy of its Motion for Default Judgment (Doc. #133) and a copy of this Opinion and Order upon the representative(s) of defendants within **thirty (30) days** of the date of this Opinion and Order, and file a certificate of service with the court thereafter.

**DONE and ORDERED** at Fort Myers, Florida, this 9th day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record